Morning, Ms. LaFever, we'll hear from you first. Good morning and may it please the court. My name is Amanda LaFever and I'm here on behalf of the appellant in this matter, the City of Pine Bluff, Arkansas. I am here today on behalf of the city to respectfully request that this court overturn the district court's denial of our judgment, our motion for judgment as a matter of law, vacate the jury's verdict in favor of Mr. Ridgell on his race discrimination claim against the City of Pine Bluff and enter a verdict in favor of the City of Pine Bluff as to Mr. Ridgell's race discrimination claim. Our primary argument in support of our request is that the fact that the jury returned a verdict in favor of the former mayor of the City of Pine Bluff, Mayor Debbie Hollingsworth, thus concluding and finding as a matter of law that Mr. Ridgell's termination by Mayor Hollingsworth was not race-based, it was not unconstitutional and that by making that determination correctly is our position, then there can't be a finding of liability on behalf of the city on the Monell claim. I want to be clear, we are not putting, our argument is not that there must have been an underlying finding of liability on the part of Debbie Hollingsworth in order to find the city liable. However, under Monell and its progeny in a number of cases as recent as last month that this court has put out there has to have been and always has to have been an underlying unconstitutional act or unconstitutional conduct as to Mr. Ridgell such that a custom policy or practice of the city was the moving force behind that constitutional violation. Here Mr. Ridgell's complaint was that his discharge was based on the fact that he is an African-American. However, the first discharge with respect to Mr. Ridgell, that was done by Mayor Debbie Hollingsworth. She made the decision to discharge him. Mr. Ridgell appealed that discharge to the City Council and the City Council, who is the final policymaker with respect to the city of Pine Bluff, actually put Mr. Ridgell back to work. They reinstated him to his position. Mayor Hollingsworth then terminated Mr. Ridgell a second time. Mr. Ridgell appealed that termination a second time to the City Council, again the final policymaker for the city, and by a vote of five to three, the City Council was unable to override or veto Mayor Hollingsworth's decision to terminate. What about this language in the Spear case that says situations may arise where the combined actions of multiple officials or employees may give rise to a constitutional violation supporting municipal liability, but where no one individual's actions are sufficient. Isn't that what Judge Marshall suggested maybe was this case? I think that is what Judge Marshall suggested. Respectfully, we disagree. Tell us why that couldn't have been the basis for the verdict. While we do argue in our briefs that the instructions to the jury with respect to the Monell claim were insufficient as a matter of law, the instruction that was given to the jury was that to win on his race discrimination claim against the city, Ridgell must prove two things. That race motivated his firing and that Pine Bluff had an official custom of discriminating against employees based on race. The fact that the primary element there is that race motivated his firing. There's simply no evidence of that with respect to the termination. Mr. Ridgell was terminated by Debbie Hollingsworth. The city council simply failed to override that decision. They upheld what the jury has determined was a constitutional act with respect to the discharge. With that determination by the jury that Mayor Hollingsworth's decision to discharge Mr. Ridgell was constitutionally sound, the liability of the city rises and falls with Mayor Hollingsworth's conduct. The jury did determine that her conduct was constitutionally sound. Did they really find that her conduct was constitutionally sound? There's no special interrogatory in this jury verdict form that sets forth a finding of the constitutional tort, then causation, then damages. Instead, there is just a simple question, a general verdict, as to each defendant. The question as to Hollingsworth is on the race discrimination claim, do you find against or for Hollingsworth? They said for. That's all it says. We don't know on the elements where the claim failed. Now, isn't it possible that they could have found the  damages are not attributable to her, but attributable instead to the conduct of the city council? I mean, and this is clearly, I mean, if you just look at what happened here, you know, we get the deal where they say, oh, we can't reach a verdict. We can't reach a verdict. We give the Allen charge. They come back with this split verdict. It looks like somebody, you know, compromised in order to arrive at a verdict. The damages are small. There's no emotional thing added to it. You know, I mean, if you look at it, you know, I mean, I've tried 200, well, more than 200 jury trials in my lifetime, and I will just tell you that this has written all over it compromise. And it looks to me like Judge Marshall's looking at it and say, yeah, they split the baby, but this is where we're at. And given the form of the verdict, isn't it just, you know, I mean, I get where you're saying they found no constitutional tort, but there's more than just, they could have found the tort, just didn't find causation or damages, right? Or am I wrong? Why am I wrong, I guess? Because I know you know I'm wrong, but I'm wondering why. Judge Erickson, I don't disagree as far as sort of the reality of why I think we're here, not least of which the jury was given, I think, two, maybe three Allen charges. It was a Friday before Memorial Day weekend, and they were... Well, you can't get uglier, can you? They were coming back on Tuesday if they couldn't come to a verdict on Friday. That being said, the jury's instructions with respect to the mayor were do you find that the discharge was race-based? Was he discharged based on his race? If they said no, and because they said that discharge, that decision to discharge, that underlying decision by Mayor Hollingsworth was not race-based, then I don't think that we can get to the elements of it. Well, I mean, theoretically, is it possible that she was not acting based on race, but that the council was? No, Your Honor, because I don't believe there was any evidence put on by the plaintiff for that proposition. So you mean logically that's possible, it's just not supported by the evidence? I believe so, Your Honor. So the evidence in the case with respect to the council, only two of the eight council members were called to testify. Mr. Holcomb, who was the swing vote with respect to Mr. Riddle's discharge, the first versus the second time, and George Steps, neither of which testified that race had anything to do with their decision to terminate. Well, I'm sure they didn't admit that, but I mean, was there any circumstantial evidence that would support it? Not that the council was on notice of. So I'm sure Apolli will come and appear shortly and discuss the Hadley verdict against the city that was I think eight years old at the time this case was tried, different decision makers. In our brief, we have asserted and argued that it was error to even admit the Hadley judgment, not least of which because of its age. We had different decision makers, different policy makers, and the judgment was actually ultimately set aside by virtue of settlement. It does beg the question, at what point is a single judgment no longer able to be used against a municipality moving forward? I mean, is it just good in perpetuity that once a discriminator always a discriminator? Which is also problematic with this verdict. Eight, ten years from now, hopefully not, I represent the city of Palm Bluff, but if they get sued again ten years from now or fifteen years from now, there's now going to exist not just is this verdict going to be able to support a race discrimination claim? Is the Hadley verdict still going to be able to support a race discrimination claim? With respect to I'm sure Mr. Porter will discuss Mr. Miller, the finance director for the city of Palm Bluff, and Robert Tucker, the former director of the Inspection and Zoning Department, both Caucasian males and both individuals that the plaintiff claimed were treated better than Mr. Ridgel. First and foremost, all of the conduct or actions taken with respect to how Mr. Miller was treated versus how Mr. Ridgel was treated, those were actions taken by Debbie Hollingsworth with respect to the arrival of timing to work and things of that nature. And he was disciplined for it, and there was testimony from Debbie Hollingsworth that once she sort of put him on notice that this was an issue it didn't continue to occur. And your honors, if there are no questions currently, I'd like to reserve the rest of my time for rebuttal. All right, you may do so. Mr. Porter, we'll hear from you. May I please the court? My name is Austin Porter, Jr. I'm here on behalf of Albert Ridgel. We're asking the court to uphold the decision of the jury finding that the jury found race discrimination on behalf of or against the city of Pine Bluff. I would agree with you, Judge Erickson. I think counsel for the city is reading too much into the jury verdict. I mean, Mr. Ridgel really didn't have to sue the mayor. Mr. Ridgel could have just sued the city of Pine Bluff. But he added the mayor in as a defendant in this case as well. As the courts have held, you don't have to have under an employee who's guilty of some type of constitutional violation in order to hold the city liable for any type of actions of discrimination as Speer versus the city of Winn, Arkansas. As the court said in that case, it says, however, the situation may arise where the combined action of multiple officials or employees may give rise to a constitutional violation. What was the constitutional violation here if Hollingsworth didn't commit a violation? The constitutional violation in this case was the fact that the city of Pine Bluff through his actions discriminated against Mr. Ridgel based on his race. We presented evidence of other cases where the city was guilty of race discrimination in the case that I tried. Other cases, but in this case, which people carried out this discrimination? You had the city, you had the personnel director, Miss Vicky Anne Conaway. She advised the mayor and told the mayor that it was proper to terminate Mr. Ridgel. The mayor was utilizing the policies and procedures of the city of Pine Bluff, but did not give Mr. Ridgel the benefit of the progressive step discipline policy. The jury also heard testimony that there were two Caucasian employees, Mr. Miller and another gentleman who had been guilty of acts of insubordination, and yet they weren't terminated themselves. This testimony was presented and counsel for the city of Pine Bluff contends that there was not enough evidence to find race discrimination. The jury disagrees with her. But they said Hollingsworth didn't act based on race, and the city only acts through people. So I'm just wondering, that's why I asked, which people affected this discrimination? Well, Your Honor, obviously this is a situation where the mayor in this case, I think it was a split verdict. It was a compromise verdict where you have a situation where the jury probably did not want to impose liability on the individual person, but they'll say, well, we'll impose liability on the city. And so I think that's what happened in this case. We make some of those kinds of decisions in criminal cases where they acquit on something and it seems inconsistent with something they convict on, and we have case law that says that the jury is free to exercise mercy. But I've never seen anything like that in any civil case. And so I think that what Judge Colleton is asking is really the heart of the question, and that is, where's the unconstitutional act in this case? And if it is, all the mayor, then in the instructions, how could they find that she acted in an unconstitutional manner, but is not liable for damages? Well, Your Honor, and again in that situation, we believe that too much has been written to the jury's verdict. I mean, the jury just simply given an instruction said, do you find in favor of Mayor Hollingsworth? And of course, they obviously say we find in favor of Mayor Hollingsworth, but we find against the city that Mr. Ridgewell was the victim of discrimination. I get the general verdict forms creating a problem. What I'm wondering, though, is there's an instruction on the elements, and what evidence would support a finding that the mayor may have acted in a way that was unconstitutional but is not liable? And if not, then the question is, as Judge Colleton says, who's the other person that could have done something unconstitutional here? Let's just imagine that the mayor was not even a defendant in the case. Well, you chose to put her in, though, and she was found not liable, so you're stuck with that. Yes, Your Honor, I understand that, but the case law says that there need not be a finding that a municipal employee is liable for his or her individual capacity. I mean, that's the case law. But there has to be a constitutional violation by somebody. The constitutional violation is by some group of people. Yeah, Mr. Ridgewell sued the city of Pine Bluff and the mayor, contending that both the city of Pine Bluff, Arkansas, and the mayor discriminated against him based on his race. The jury found that the city violated his constitutional right by discriminating against him on the basis of his race. And that's what the jury determined in this case. And when you couple that with the evidence of what the mayor did, you know, as far as allowing white employees to be terminated, and yet she terminated Mr. Ridgewell claiming for an act of insubordination, supposedly for being late or tardy on this one particular time. And she said, well, and she terminated and she put that in the termination paper that he was terminated because he was late for work. And so when you look at the difference that the mayor, how the mayor treated Stephen Miller and the other Caucasian employee, how she treated those employees versus how she treated Ridgewell, then the jury concluded that the mayor, as an agent for the city of Pine Bluff, obviously discriminated against Mr. Ridgewell. And also, in this situation, Your Honor, Mr. Ridgewell had to appeal his termination to the city council. Now, the mayor makes the final decision on the act of termination. Now, whether or not Mr. Ridgewell could have just not chosen to appeal and he would have been terminated. The first time he was terminated in the city council, he was able to get six votes to override the veto, to override that decision. The second time he was terminated, he was not able to get six votes. He only got five votes. And so that termination was upheld. That decision of the mayor was upheld in that case. Again, the case law says that you don't have to have an employee per se who is individually liable for the act of discrimination. In this situation, the city itself. And there was this pattern of, at least we presented these two cases that I was personally involved in representing individuals who were victims of discrimination. And the jury obviously agreed that the city was liable. And this court, Your Honor, decided the case just back on January 14th of this year, Ramona Evans, again, saying that while a municipality cannot be held liable without an unconstitutional act by a municipal employee, there is no requirement that the plaintiff establish that an employee who acted unconstitutionally is personally liable. I don't think anyone's debating that. I think the question we're asking is if you would identify what the unconstitutional, what evidence in the record would allow the jury to find an unconstitutional act in light of what they've decided on Hollingsworth. I mean,  one is you can say, well, let's look at the elements, and there could be that they failed somewhere else other than just an unconstitutional act. The second would be that, well, somebody else did something. And I'm just telling you that from what I've read, I'm having a hard time finding out who did anything that you could rationally where, even assuming the evidence in a light most favorable to the jury's verdict, that you'd say, well, there it is. There's the act that they took. Other than Hollingsworth. Other than Hollingsworth, right. The act that was taken, again, the director of personnel advised the mayor as far as the termination. So you have the personnel director involved. So it's a cat's paw case where the personnel director was really the discriminating actor and the mayor was just adopting what she recommended? Well, the mayor was the one that was really pushing this situation. And, of course, the personnel director was the one who was just simply agreeing with the mayor. And, of course, in this case, the personnel director, Vicki Conaway, is an African-American female. And, of course, we all know that the case law said that even African-Americans can't discriminate against other African-Americans. And I asked Ms. Conaway, I said, well, even in the case involving Kevin Hadley, did you ever advise the city of Pine Bluff that he should not be terminated? She said, no. She agreed with the decision to terminate Mr. Hadley in that case. And the jury found that Mr. Hadley and the person who terminated Mr. Hadley in that case was an African-American interim chief in that case. I tried that case to the jury and they ruled against the city of Pine Bluff even in that case. But, again, if the mayor is the moving force and not the personnel director or anyone else and the jury has found that the mayor has not performed an unconstitutional act. That reads a lot into the jury verdict. And I think, again, this was a compromised verdict where the jury just did not want to impose liability on the mayor. The only one that comes to my mind is the council that voted to uphold it. Correct. Is there any evidence that the council engaged in a pattern of practice of discrimination? Well, Your Honor, when I had Mr. and I believe the council member, Mr. Holcomb on the stand, Mr. Holcomb indicated that he had spoken personally to the mayor, had spoken personally to Ms. Vicki Conaway to try to find out what happened in this situation. But he never spoke to Mr. Ridgehill to try to get his version of the story as to what happened. He also, I'd also ask the council members for us about the other cases involving discrimination. I represented the former African-American female chief who was discriminated by the city of Pine Bluff. Of course, we sell that case. But, you know, and so when you have the council, the only thing the council member does in this particular instance, either they can get enough votes to override that mayor's decision. In the second instance where Mr. Ridgehill was terminated, he was only able to get five votes and not the six votes that he needed to override that decision. Again, the, you know, it's kind of like splitting of the baby, I guess. Well, I wonder, is there any authority that says that the jury cannot be inconsistent? I mean, suppose there was sufficient evidence that they could have found against Hollingsworth, but they give her a break and say no liability, and then they find against the city based on Hollingsworth's actions. Can they do that? Do you know, is there any case law about that kind of inconsistent verdict in a civil case? Well, you know, I don't think it would be an inconsistent verdict. Again, I just have to fall back on the case law that said you don't have to have an individual employee. Well, I know. My hypothetical was, though, that it is inconsistent because the only basis for the verdict against the city would be race discrimination by Hollingsworth. And they've said there wasn't, but maybe the evidence would have supported finding that there was, and they decided to use that in the verdict against the city. Can they do that? You say, well, you didn't have to sue Hollingsworth at all, so can we treat this like you didn't sue Hollingsworth at all? Or do we have to say once they find against you on Hollingsworth, they're bound to act consistently when they rule on the city's claim? This is not the kind of case where you have a police shooting case where if you find qualified immunity for the police officer, then automatically that eliminates the city. This is not that kind of case, whereas the case law also said there can be one unconstitutional act of termination that can be a custom policy or practice in this situation that can lead to an unconstitutional act. Go ahead. I'm sorry. I just want to get this question in. It really has not been a convenient spot. One of the things that I looked at, and I did not study the transcript of the trial the way that I will if I get assigned to write the opinion, but when I read through the pieces of it that I read, it crossed my mind that perhaps did the person who was Mr. Ridgell's assistant and then successor, did she play any role in this termination? No. What the jury heard, Your Honor, the jury heard that that was an African-American female who was Mr. Ridgell's assistant who had worked in the office for like 32 years. The mayor bypassed her, brought in a white female from the finance department, would not even promote this African-American female to the position and instead promoted a white female by the name of Gina Deavers to replace Mr. Ridgell when he was terminated the first time. Also, Your Honor, the jury heard testimony as it relates to the personnel director Vicki Conaway. But who's holding Mr. Ridgell's job now? The African-American who served as his assistant. Any evidence that she was involved in this termination? No, no, no. I was just wondering if she might be an independent source for this tort that you were talking about. No. Unconstitutional act, I should say. The jury also, Your Honor, heard evidence in this case of how Ms. Conaway, as the personnel director, how she had conducted an investigation into the conduct of Mr. Miller, found that Mr. Miller was committing fraud by stealing time. There was evidence that he was reporting that he was at a particular location when he wasn't, and she conducted an investigation into that, and yet he wasn't terminated. So as the personnel director, she could have said this person needs to be terminated, but she wasn't. She didn't make that recommendation to the mayor. And I also asked Ms. Conaway, I said, look, as the human resource director, it is your position and it's your responsibility to ensure that the city complies with anti-discrimination laws. And did you ever do that? And she can say, well, I can only make the recommendation. But in this situation, she knew that Mr. Miller was committing fraud by stealing time and yet did not make a recommendation for his termination, but went along with the termination of Mr. Ridgell. And I believe that the jury, in looking at even the activity and action of Ms. Conaway, came away with a conclusion. And we ask, Your Honor, that you uphold the verdict of the jury and also uphold Judge Marshall's decision. Thank you for your time. All right, Mr. Porter. Thank you for your argument. Ms. Lefevre, we'll hear from you in rebuttal. Thank you, Your Honors. You can readjust that if you want so we can hear you. Thank you. If you'll allow me, Your Honors, I wanted to address a couple of things, a couple of questions that were posed to Mr. Porter. First and foremost, that is the crux of the case. What is the underlying unconstitutional conduct? I think we agree that the law says there does not have to be a finding of liability as to an individual's unconstitutional conduct in order to have the Monell claim proceed against the city. With respect to the Spears case, Judge Colleton, you asked me earlier, what is the difference there? In the Spears case, the facts of that case were that the plaintiff in that case was complaining about not having been given a name clearing in front of the counsel. And the court determined that there were multiple other individuals who could have given that plaintiff, Mr. Spears, the name clearing hearing. And so that there was a possibility that some other actors could have given that name clearing hearing. Here, the only person who could have terminated Mr. Ridgell's employment by Arkansas state statute as a department head is the mayor of the city of Palm Bluff, and that was Debbie Hollingsworth at the time. So there's not there's no scenario where someone other than Debbie Hollingsworth could ever terminate Mr. Ridgell's employment because she was the mayor and he was the department head and that statute exists. As far as there were some questions from you, Judge Erickson, as to whether or not there was any sort of cat's paw theory at play in this case. I think I said that, but go ahead. It's a no. There's been no evidence of that. There's been no allegation of that. There's been no claim of that. There's no evidence submitted to the jury or anything remotely touching on that. As far as the statement that with respect to Mr. Holcomb, the council member who was the swing vote on the second discharge, he had voted to overturn Mayor Hollingsworth's termination of Mr. Ridgell the first time and then changed his vote the second time and that distinction is what prevented Mr. Ridgell from being reinstated by the city the second time, which just as an aside, I think the fact that the mayor was able to appeal back to work the first time is further evidence that they were not taking malevolent action against this individual or this employee and certainly not based on his race. Mr. Ridgell got a full appeal to the city council both the first time and the second time. He was absolutely both in writing and orally given an opportunity to present his side of things to the second time a full council. All eight members were there and were able to hear Mr. Ridgell's side of things, which of note and import in this matter at no point in time did he explain to the council or put on any evidence that he had informed them of his belief that his discharge was based on his race. And so the idea that the council was even on notice that Mr. Ridgell was concerned that his discharge was in connection with his race, there's simply no evidence of that. The fact that Mr. Porter says he didn't have to sue the mayor. Sure, he didn't have to sue the mayor, but he did and the jury did return a verdict in her favor and also even without suing the mayor he'd still have to show the underlying unconstitutional conduct and that is the meat of this was unconstitutional with respect to Mr. Ridgell. The only person taking affirmative action with respect to Mr. Ridgell's employment was Mayor Hollingsworth. As far as the Human Resources Director Vicki Conaway, as far as her testimony goes I believe it's on page 233 of the transcript. Her testimony was that she is the Human Resources Director. I did not make a recommendation regarding Ridgell and my recommendations are not always followed. I do not think if the city is found liable it would reflect on my office. I did not have any concerns regarding the mayor's treatment of Mr. Ridgell, which is consistent with the jury's verdict in favor of Mayor Hollingsworth. With respect to any role that Ms. Conaway may have had in Mr. Hadley's termination if memory serves and if the transcript proves me wrong I will apologize in advance, but my memory is that Ms. Conaway's testimony was that she was not the Human Resources Director at the time of the Hadley termination, that she was working in the Human Resources Office, but that she was not the department head who would be perhaps advising the mayor who was a different mayor at the time, former Mayor Carl Redis. I'm out of time, Your Honors. Do you think the law is clear that if  was logically dependent on the mayor committing an unconstitutional act that the jury is required to be consistent? Yes, Your Honor. I think the law is clear that... What's the best? Do you think Heller establishes that or what do you think is the best case for that? I think Heller is a good case for it. I think Monell is a good case for it. I mean you kind of go back to the beginning to the originating of the Monell doctrine and in this court... Well, I mean I know there has to be an unconstitutional act, but suppose the evidence was sufficient to find the mayor sufficient, you know, a reasonable jury could have found that she acted unconstitutionally, but they ended up not finding that. Can they use that in finding against the city? If the jury had determined that there was an... Your Honor, I'm not sure if I'm answering the question correctly, but I mean there always has to be that underlying unconstitutional conduct. There has to be the custom policy or practice, and it has to be a driving force behind the unconstitutional conduct. You have to have that conduct. You have to have that act. This court said so as recently as February of 2019 in Keziah v. Crowd Systems and Nader v. City of Papillion in April of 2019, admittedly both of which were police cases, but this case decided just last month, Muir, I may be butchering that, M-U-I-R v. Decatur County, I-1-917-F-3-D-10-50, and that was an employment case. It's not in the briefs, and because it is so recent, I'd be happy to submit a letter on that. Fine. You may send a letter if you wish with the citation, and Mr. Porter can respond if appropriate. Thank you for your argument. Thank you, Your Honor.